UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>Plaintiff,<br>-against-<br><br>JERRY ROSS WALKER, TIM BATTERSON, OLEG NIKITIN and JOHN DOES 1-10,<br><br>Defendants. | **<u>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND</u>**<br><br>25 Civ. 9291 (AKH) |

ALVIN K. HELLERSTEIN, U.S.D.J.:

On October 8, 2025, Plaintiff Wells Fargo Bank, National Association ("Wells Fargo") filed suit against Jerry Ross Walker, Tim Batterson, Oleg Nikitin, and John Does 1-10, alleging a negligent misrepresentation claim against Walker, and an aiding and abetting negligent misrepresentation claim against the remaining Defendants in New York Supreme Court. On November 6, 2025, the Defendants timely removed to federal court. *See* ECF No. 1; *see also* 28 U.S.C. §§ 1441 and 1446. I have jurisdiction pursuant to 28 U.S.C. §1332(a). Defendants move to dismiss. For the following reasons, Defendants' motion is granted.

## FACTUAL BACKGROUND

On December 20, 2022, Wells Fargo became the administrative agent and lender of a $100 million credit agreement (the "Credit Agreement") with six corporate borrowers (the "Borrowers"). *See* ECF No. 1-1 ¶ 1. Defendants Jerry Ross Walker, Tim Batterson, and Oleg Nikitin were each directors or officers of one or more of the borrowers during the relevant periods. *See id.* Under the Credit Agreement, the Borrowers were permitted to borrow up to $100,000,000.00 in amounts determined by a formula based in part on the amount of eligible collateral as reported by Borrowers to Wells Fargo on Borrowing Base Certificates. *See id.* ¶¶

1, 12–15. The Borrowers were required to submit Borrowing Base Certificates, which detailed accounts receivable, inventory, and collateral availability, on a monthly basis. *See id.* ¶¶ 17–18. Walker, the Chief Financial Officer of the operating Borrowers, was designated by the agreement as an "Authorized Person" to submit the certificates to Wells Fargo. *See id.* ¶ 19*; see also* Schedule A-2, ECF No. 1-1 at 269. Each certificate submitted by Walker certified that the information provided was "true and correct." ECF No. 1-1 ¶ 21. Wells Fargo alleges that it relied on the certificates in determining the amount it would lend to the Borrowers. *See id.* ¶¶ 24, 32.

From January 2023 through February 2025, Walker submitted Borrowing Base Certificates which represented that the Borrowers had between approximately $31 million and $81 million in eligible collateral. *See id.* ¶¶ 29–30. Wells Fargo alleges that, on January 29, 2025, it discovered that those certificates materially overstated the Borrowers' eligible collateral by at least $10,000,000.00. *See id.* ¶ 33. Specifically, "Borrowers were owed approximately $10,000,000.00 by their customer 'Vetsource,' but at the same time owed $11,000,000.00 to their vendor 'Strategic Pharmaceuticals,' which was discovered to be the legal name of Vetsource[.]" *Id.* ¶ 34. Wells Fargo alleges that Defendants did not advise Wells Fargo about the connection between those entities, leading to overstatements of eligible collateral in each Borrowing Base Certificate. *Id.* ¶¶ 35–38. After the Borrowers defaulted, Wells Fargo foreclosed on its collateral, but the proceeds were insufficient to satisfy the outstanding loan balance. *See id.* ¶ 39. Wells Fargo alleges damages of at least $8.5 million. *See id.* ¶ 42.

## Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead facts that, accepted as true, state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). In considering a motion to dismiss, the Court accepts the

complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). A complaint is deemed to include any written instrument attached to it as an exhibit, any statements or documents incorporated in it by reference, and documents not incorporated by reference, but which nevertheless are "integral" to the complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002).

## DISCUSSION

To plausibly state a negligent misrepresentation claim, Plaintiff must allege that "the defendant made a false representation that he or she should have known was incorrect." *Kortright Cap. Partners LP v. Investcorp Inv. Advisers Ltd.*, 257 F. Supp. 3d 348, 359 (S.D.N.Y. 2017) (citation and internal quotation marks omitted). Wells Fargo's negligent misrepresentation claim fails because the Complaint does not plausibly allege that Walker knew or should have known that the representations at issue were incorrect.

Specifically, the Complaint alleges that Vetsource owed Borrowers approximately $10,000,000.00 and that the Borrowers owed approximately $11,000,000.00 to Strategic Pharmaceuticals, the legal name of Vetsource. *See* ECF No. 1-1 ¶ 34. However, the Complaint does not allege facts showing that Walker knew or should have known that Strategic Pharmaceuticals and Vetsource were the same entity. It alleges only that Walker submitted the Borrowing Base Certificates and failed to disclose the relationship between those entities. *See* ECF No. 1-1 ¶¶ 29-37. Those allegations alone are insufficient to plausibly allege that Walker should have known that the figures he certified as accurate were incorrect.

Having failed to adequately plead its negligent misrepresentation claim, Plaintiff's ancillary claim for aiding and abetting negligent misrepresentation is also dismissed. *See JP Morgan Chase Bank v. Winnick*, 350 F. Supp. 2d 393, 404 (S.D.N.Y. 2004).

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted without prejudice. Wells Fargo may file an amended complaint within 30 days.

Should another motion to dismiss be filed, the parties shall more fully address whether New York law recognizes a claim for aiding and abetting negligent misrepresentation.

The Clerk shall terminate ECF No. 8.

SO ORDERED.

Dated: September 3, 2026
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge